**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Jesus Ricardo Ozuna-Valencia,

Petitioner,

v.

Kristi Noem, et al.,

Respondents.

No. CV-25-04965-PHX-SMB (DMF)

**ORDER**

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention. The petition is fully briefed. The Court will require Respondents to file a supplemental response.

In Respondents' response, Respondents contend "those who are paroled into the United States under Section 1182(d)(5) are treated as though they remain at the border for due process purposes, meaning that they have only those due process rights as have been prescribed by statute." (Doc. 8 at 2.) On September 21, 2026, in *Padilla v. ICE*, the Ninth Circuit rejected the government's argument that *DHS v. Thuraissigiam* forecloses due process rights, beyond those Congress grants by statute, for noncitizens who entered the country unlawfully. *Padilla v. U.S. Immigr. & Customs Enf't*, No. 24-2801, slip op. at 25–27 (9th Cir. Sept. 21, 2026); *see Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020). The court wrote that "[t]he government's boundless proposition is nowhere to be found in *Thuraissigiam*." *Padilla*, slip op. at 34. It held that the Supreme Court's decision applies only to noncitizens "at the threshold of initial entry." *Id.* at 27

(quoting *Thuraissigiam*, 591 U.S. at 107). The court emphasized that "[t]he right to due process is conferred, not by legislative grace, but by constitutional guarantee." *Padilla*, slip op. at 34 (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985) (citation modified)). It concluded that "[n]oncitizens who arrive illegally and are found away from the border well after arrival are protected from arbitrary detention in violation of the Due Process Clause." *Id.* at 45.

In light of *Padilla*, the Court will require Respondents to file a supplemental response addressing whether Petitioner, who has been in immigration detention for nearly one year, is entitled to release or a bond hearing.

**IT IS THEREFORE ORDERED** Respondents must file a supplemental response as directed herein no later than September 29, 2026. Petitioner may file a supplemental reply no later than October 2, 2026.

Dated this 21st day of September, 2026.

Honorable Susan M. Brnovich
United States District Judge